UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS KEITH,

        Plaintiff,

v.

OAKLAND COUNTY and OAKLAND
COUNTY PARKS & RECREATION,

        Defendants.
_____/

No. 10-12026

District Judge Lawrence P. Zatkoff

Magistrate Judge R. Steven Whalen

## ORDER

For the reasons and under the terms stated on the record on May 28, 2012, Defendants' Amended Motion to Compel Medical Examinations and Updated Answers to Interrogatories and Concurrent Motion for Leave to Name Additional Experts and File an Amended Witness List [Doc. #53, amending Docket #50] is GRANTED IN PART AND DENIED IN PART, as follows:

Defendants' request to compel an Independent Medical Examination ("IME") by Dr. Griffin is GRANTED, under the following conditions:

1. The medical examination shall be conducted in compliance with Fed.R.Civ.P. 35.

2. Defendants' counsel shall provide to Plaintiff's counsel:

    a. A current copy of the curriculum vitae of the examiner prior to the date of the examination.

    b. A statement of the charges for Plaintiff taking a deposition of the examiner at the examiner's office.

    c. The full and correct name of the defense examiner, with tax identification number. That information is: Rosalind E. Griffin, M.D., MACP, P.C. Tax ID number 38-2430708.

3. Plaintiff may be accompanied by his attorney of record or designated representative only.

4. No person other than Plaintiff, his attorney, a sign-language interpreter, and the examiner are allowed to be present during the examination.

5. The appointment shall be scheduled so as to minimize inconvenience to Plaintiff. The doctor is allowed to determine from Nicholas Keith his pre-existing psychiatric/psychological condition. The exam should then determine how the denial of employment has affected his current psychiatric/psychological status. The doctor should rely upon the deposition of Nicholas Keith for the events and circumstances leading to the denial of employment.

6. Plaintiff shall be required to bring any medical records or documents, which to his knowledge, have not previously been produced to the examination. Plaintiff will not be required to give any oral medical history not related to the areas of emotional injuries claimed in this lawsuit.

7. The examination will be conducted so as to minimize the time Plaintiff is present consistent with the examination procedure and the need to use an ASL (American Sign Language) interpreter.

8. Plaintiff's counsel will be provided a copy of any and all notes and reports generated by the physician in this matter, including, but not limited to, a copy of a detailed written report, setting out any history obtained, examination, findings, including the results of all tests made, diagnoses, prognoses, and conclusions of the examiner, and all record review reports. The examiner shall preserve, and shall not destroy the notes he/she takes, creates, and/or generates in relation to his/her evaluation and/or examination of Plaintiff.

9. The examination will be referred to as the "medical examination" in accordance with the language used in Fed.R.Civ.P. 35.

10. The examination will be held locally at the offices of the medical examiner.

11. The Plaintiff may record the examination by audio device or video device. The defense counsel shall be entitled to a copy of any recording made.

12. The examiner shall be provided with a copy of this order, and shall agree to be bound by its terms prior to conducting his/her examination and/or evaluation of Plaintiff.

13. Defendants have chosen Dr. Rosalind Griffin to perform the examination of Plaintiff.

14. The examiner shall not inquire into any communications between Plaintiff

      and his attorneys.

15.    Defendants will disclose and produce to the Plaintiff each and every document and/or item provided to the examiner, and will do so within seven (7) days of the examination.

Defendants' request to permit Dr. Czarnecki, a psychologist, to administer the Minnesota Multiphasic Personality Index ("MMPI") to the Plaintiff, evaluate the results, and provide a written report to Dr. Griffin is GRANTED. A copy of Dr. Czarnecki's report will be provided to Plaintiff along with Dr. Griffin's report. Plaintiff will be permitted to depose Dr. Czarnecki.

Defendants' request to add Dr. Monsell to their witness list and to compel Plaintiff to submit to an IME by Dr. Monsell is GRANTED.

Defendants' request for additional or supplemental interrogatories is DENIED.

IT IS SO ORDERED.

Date: May 28, 2013                  s/ R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 28, 2013, electronically and/or by U.S. Mail.

                                                          s/Michael Williams
                                                        Relief Case Manager for the Honorble
                                                        R. Steven Whalen