UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS KEITH,

       Plaintiff,

v.                                   Case No. 10-12026
                                   Hon. Lawrence P. Zatkoff

OAKLAND COUNTY and OAKLAND
COUNTY PARKS & RECREATION,

       Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 12, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion *in limine* to Exclude Expert Testimony of Defendants' Proffered Experts Wayne Crokus, Richard Carroll, and Michael Oostman Pursuant to Fed. R. Evid. 702 [dkt 70]. The Motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

### A. FACTUAL BACKGROUND

Plaintiff, a deaf individual, filed the instant action alleging that Defendants discriminated against him on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et*

*seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, when they failed to hire him as a lifeguard. This Court granted Defendants' motion for summary judgment. The Sixth Circuit reversed and remanded for further proceedings, holding that genuine issues of material fact exist regarding whether Plaintiff is "otherwise qualified' to be a lifeguard at Defendant Oakland County's wave pool, with or without reasonable accommodation.

## B. EXPERT WITNESSES

Plaintiff seeks to preclude certain of Defendants' proffered expert witnesses—Wayne Crokus ("Crokus"), Richard Carroll ("Carroll"), and Michael Oostman ("Oostman")—from providing expert testimony at trial. According to Plaintiff, the crux of this case is whether or not a deaf individual—like Plaintiff—can perform the essential functions of a lifeguard, with or without reasonable accommodation. And, the argument goes, because neither Crokus, Carroll, nor Oostman have specific "education training or experience on . . . the ability of a *deaf* person to work as a lifeguard[,]" they are not qualified to be testifying experts under Fed. R. Evid. 702.

In response, Defendants contend that Plaintiff's argument is too narrowly drawn. In other words, while Defendants agree that the overarching issue before the Court is whether Plaintiff, a deaf individual, was otherwise qualified to be a lifeguard, Defendants contend that inquiry must necessarily be made into what, exactly, are the essential job functions of a lifeguard. With this fundamental question in mind, Defendants argue that their experts possess adequate knowledge, education, and training in lifeguarding and aquatics to offer testimony that can assist the trier of fact in determining the essential functions of such a position. Presumably, Defendants wish to elicit testimony from these experts that hearing and proper communication are essential lifeguarding functions, and that a deaf individual like Plaintiff cannot aptly perform those functions.

## III. LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court established guidelines for courts to employ in determining the admissibility of expert opinion testimony pursuant to Rules 702 and 104 of the Federal Rules of Evidence. Mindful of the jury's role in evaluating expert testimony, the Court in *Daubert* emphasized the "gatekeeping" function of the trial judge concerning expert proof on scientific issues. *Id.* at 597–98. This "gatekeeping" obligation was subsequently interpreted by the Court to apply to *all* expert testimony, not solely scientific testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999).

The party proffering the expert's testimony bears the burden of persuading the trial court that the expert has scientific, technical, or specialized knowledge that will aid the fact finder in understanding the evidence or determining a fact at issue. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert*, 506 U.S. at 592 n. 10).

## IV. ANALYSIS

Plaintiff principally argues that Crokus, Carroll, and Oostman are not qualified to offer expert opinions on the ability of a deaf person to work as a lifeguard.  Their backgrounds in aquatic safety and lifeguard training, Plaintiff argues, fail to establish that they have "any expertise [regarding] the ability of a deaf person to compensate and adapt in order to perform the functions of a lifeguard[.]"

Plaintiff's viewpoint that Crokus, Carroll, and Oostman should be precluded from offering expert testimony *exclusively* because they are not considered deaf lifeguard experts is too restrictive.  The essential functions of a lifeguard are clearly at contention between the parties, and Defendants' proffered experts are allegedly prepared to testify as to the functions that—in their opinion— should be deemed "essential."  It would be illogical to exclude them on this basis alone when the focus of this case—*i.e.*, whether Plaintiff is otherwise qualified to be a lifeguard—turns, in part, on the jury's determination of which job functions are essential.

Nonetheless, Defendants have failed to carry their burden of showing that two of their proffered experts—Crokus and Carroll—have such "specialized" knowledge so as to qualify them as experts in this case.  In order to qualify as an expert under Rule 702, a witness must first establish his expertise by reference to his "knowledge, skill, experience, training, or education."  Fed. R. Evid. 702.  Although this requirement has always been treated liberally, as the Sixth Circuit observed in *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000), the liberal interpretation of this requirement "does not mean that a witness is an expert simply because he claims to be."  *Id.* (citation omitted).

The court is not to examine "the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question."  *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997).  Thus, the trial court must determine whether the expert's training and qualifications relate to the subject matter of his proposed testimony. *Id. See Kumho*,

526 U.S. at 156 ("The trial court ha[s] to decide whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case.").

## A. CARROLL

Defendants wholly fail to establish that Carroll qualifies as an expert. Defendants attach to their response brief only Carroll's deposition transcript, which supposedly corroborates Carroll's qualifications. From that, the Court is able to discern that Carroll is currently the Vice President and Chief Operating Officer of Ellis & Associates;[1] that he is a certified pool operator, an instructor for Ellis & Associates, a staff auditor, and member of various technical writing committees; and that he is a certified lifeguard. Yet, Defendants fail to provide the Court with a current copy of Carroll's curriculum vitae—or, for that matter, anything—specifically detailing *all* of Carroll's qualifications, any and all publications within the previous 10 years, or a list of all cases in which Carroll has testified at trial or been deposed during the previous four years. Nor do Defendants disclose the opinions Carroll will offer at trial and the basis and reasons for forming such opinions. In sum, Defendants simply have not presented sufficient information that would qualify Carroll to offer expert testimony.

## B. CROKUS

Crokus is currently the owner and general manager of wine market in Wisconsin, but was previously employed by two water parks as a certified lifeguard and by Ellis & Associates in various capacities, such a client manager and director. Crokus holds a bachelor's degree in elementary education, a MBA in supply chain management, and a certificate in special education.

In similar vein, however, Defendants' attempt to qualify Crokus as an expert is deficient. Other than the substance of Crokus's deposition, the Court has no basis on which to evaluate his "knowledge, skill, experience, training, or education." As such, and for the same reasons that Carroll fails to qualify as

---

[1] Ellis & Associates provides international aquatic safety and risk management consulting services to water parks across the United States. Defendants use Ellis & Associates for consulting services.

an expert, Defendants have likewise failed to offer evidence that Crokus is qualified to present expert testimony.

## C. OOSTMAN

Defendants submit a report prepared by Oostman that details, among other things, his qualifications. Oostman currently owns Oostman Aquatic Safety Consulting, Inc. This company provides aquatic safety consulting services to the aquatic community. He previously was employed by Ellis & Associates and serviced as Vice President. Oostman has been involved in lifeguarding and aquatic safety consulting for more than 20 years. During that time, he has trained tens of thousands of lifeguards and instructors and investigated over 700 submersion events, which occurred with lifeguards present and an "unconscious victim" in the pool.

Oostman's report also describes two main categories of a lifeguard's profession: preventative lifeguarding and reactive lifeguarding. In Oostman's professional opinion, both preventative and reactive lifeguarding require with "absolute necessity" that a lifeguard be able to hear and communicate with the swimming public—an opinion Oostman is prepared to offer at trial. Further, Oostman's curriculum vitae—attached to the report—thoroughly illustrates his education, areas of specialization, publications, and 95 cases in which he has provided expert testimony on lifeguarding and aquatic safety. On these bases, the Court finds that Oostman is not precluded from offering expert witness testimony in the current litigation.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion *in limine* to Exclude Expert Testimony of Defendants' Proffered Experts Wayne Crokus, Richard Carroll, and Michael Oostman Pursuant to Fed. R. Evid. 702 [dkt 70] is GRANTED IN PART and DENIED IN PART.

Plaintiff's motion is granted to the extent that proffered experts Wayne Crokus and Richard Carroll are excluded from offering expert testimony at trial.

Plaintiff's motion is denied to the extent that proffered expert Michael Oostman is not precluded from testifying as an expert at trial.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
Hon. Lawrence P. Zatkoff
U.S. District Judge

Date:   September 12, 2013